SUMMERGILL v. JEMISON. (No. 301.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 5, 1918.)

1. APPEAL AND ERROR ☞719(8) — ASSIGNMENT OF ERROR—PLEADINGS—INSUFFICIENCY TO SUPPORT JUDGMENT.

If appellant's contention that there is no basis in the pleadings for the judgment be correct, the judgment should be reversed without formal assignment in that regard.

2. SALES ☞360(1)—SUIT AGAINST BUYER—RECOVERY OF RENTAL VALUE.

Where mules were sold for an agreed price and no title or lien reserved, there could be no recovery against the buyer for the rental value of the mules.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Suit by T. L. Jemison against James Summergill and others. Judgment against defendant named, and he appeals. Reversed and remanded for new trial.

V. A. Collins, of Beaumont, and H. B. Tucker, of Port Arthur, for appellant. J. V. Fleming, of Beaumont, for appellee.

HIGHTOWER, C. J. Appellee, as plaintiff below, filed this suit on May 31, 1915, making James Summergill, John Brown, and Tom Brown defendants thereto, but afterwards, and before trial of the case below, Tom Brown was dismissed from the suit, and the cause proceeded to trial against Summergill and John Brown as defendants, and upon the trial, judgment was rendered in favor of appellee against Summergill alone, who is the appellant here.

It was substantially alleged in appellee's original petition that his father, W. J. Jemison, on April 24, 1915, sold to the defendants named a span of mules, and that at the time of such sale, the defendants promised to pay appellee's said father $50 in cash and $350 in addition, just as soon as a settlement between the parties relative to some other business matters between them could be had; that the $50 cash payment was to be put up as earnest money to bind the trade until said settlement could be made, but that as a matter of fact only $5 in cash was put up at the time, that amount being all that defendants had at the time of making the contract, but that defendants agreed to put up $45 in cash the very next day; that the settlement between appellee's father, W. J. Jemison, and the named defendants relative to the other business transaction between the parties was had and made, but that defendants had never paid the purchase price of said mules, either to appellee's father, W. J. Jemison, or to appellee himself, with the exception of the $5 cash payment. Appellee further alleged that subsequent to the contract between his father and defendants for the sale and purchase of the mules, and on or about April 26, 1915, appellee purchased from his father the account owed his father by said defendants, and that by reason of his purchase of such account against defendants, appellee became the legal owner and holder of same, and was entitled to collect the same; that in consequence of the default on the part of defendants in making payment of the purchase price of said mules, defendants had forfeited all right to the mules, and that appellee was entitled to the possession of said mules, or, in lieu thereof, the price which defendants had agreed and bound themselves to pay for said mules, which was the sum of $400. There is a further allegation in the petition to the effect that said defendants had had possession of the span of mules since April 24, 1915, and that appellee had been deprived of the use and benefit of said mules since that time; and the further allegation that appellee depended upon said mules for a livelihood, and that they were worth $5 per day to him, and that he could have and would have made $5 per day by the use of said mules during all the time that defendants had possession of them, had their possession been held by appellee; that defendants, though often requested, had failed to pay the purchase price of said mules, and had also failed and refused to release said span of mules, to appellee's damage in the sum of $400, as the purchase price of said mules, and $5 per day since April 24, 1915. The prayer was:

"That he have judgment against the said defendants, and each of them, for the sum of $400, or, in lieu thereof, the possession of the said one span of mules; that he be allowed $5 a day since the 24th day of April, A. D. 1915, as damages sustained by reason of the fact that he has been deprived of the use and benefit of said mules; that he be allowed the sum of $25 for attorney's fees, herein expended, which is just and reasonable, for costs of this suit, and for such other and further relief, special and general, in law and in equity, that he may be justly entitled to, etc., and in duty bound will ever pray."

Each of the defendants answered by special answer, and each interposed a general demurrer and certain special exceptions, and a general denial, and some of them other pleas which are unnecessary to more specifically mention here, for the reason that the same are entirely immaterial to the disposition of this appeal. The case was tried with a jury, and, when the evidence was concluded, the record discloses that it was agreed that the trial court (county court of Jefferson county) need not deliver any charge to the jury, either written or verbal, and after argument by counsel for both sides, the jury returned a verdict in favor of appellee against appellant, Jas. Summergill, for $395, which the verdict stated was the value of the mules, and also for $612, which the verdict stated was the rental value of the mules at the rate of $1 per working day from May 24, 1915, to the date of trial; upon which verdict the trial court entered judgment in favor of appellee against appellant, Summergill, for $1,007, with interest thereon from the date of the trial at the rate of 6 per cent. per annum. The jury having expressly found that appellee should take nothing as against defendant John Brown, as to him judgment was entered accordingly.

It appears from the record that there was also filed by appellee, at the time the trial commenced below, what is termed "Plaintiff's First Trial Amendment." In this instrument it is alleged that the plaintiff dismisses his cause of action as to the defendant Tom Brown, and thereafter this instrument proceeds as follows:

"That the team of mules referred to in said original pleading was sold by the party mentioned therein to James Summergill, and that after said money was not put up as a forfeit as agreed on, that the plaintiff repossessed himself of the mules, as he had a right to do, forbade the defendants from taking said mules; but that, notwithstanding the same, the defendants Summergill and Brown unlawfully seized and possessed themselves of said mules, and thereby deprived the plaintiff of said team, and by their withholding the same, notwithstanding demand therefor has been made, have damaged the plaintiff in the value thereof, and the rental thereof, from and since the 23d day of May, the year mentioned in said petition. That the allegation therein of the date of the forfeit money was paid should be May, instead of April, of the year mentioned."

And the prayer was:

"Wherefore, premises considered, plaintiffs pray for judgment as in their former pleadings."

[1] There are several assignments of error found in appellant's brief, but we shall not discuss them in the order made, and, indeed, some of them could not be considered at all in the absence of a statement of facts, and there is no statement of facts in the record;

and the vital and main assignment, which challenges the verdict and judgment on the ground that there is no basis in the pleadings for same, is the only one that we shall consider; and, if this contention by appellant be correct, this court should reverse the judgment and remand the cause, without formal assignment of error in that regard.

[2] It is apparent from the allegations in appellee's petition, as we have stated the same substantially above, that the mules in question were agreed to be sold by appellee's father to the defendants, for the price of $400; and, while it is alleged that $50 was to be paid in cash as earnest money to bind the trade, but that as a matter of fact only $5 in cash was actually paid at the time of such contract, nevertheless it appears that appellee's father delivered possession of these mules to the defendants, and that thereafter, appellee's father, for valuable consideration, sold to appellee the account or demand which the father held against the defendants, but there is no allegation whatever of fact to the effect that in the contract between appellee's father and defendants for the sale and purchase of the mules, the title to the mules was to remain in appellee's father until paid for, or even that any lien of any character was to be retained by appellee's father to secure the purchase money agreed to be paid by defendants for said mules; and there is no allegation of fact whatever that at the time appellee's father sold him the account or debt owed the father by defendants as the purchase price of said mules, he, the father, also sold or transferred, or even attempted to sell or transfer, to appellee any title or interest of any character whatsoever in or to said mules; but appellee did assume in his petition that he became the owner of said mules themselves, or was entitled to take possession of them from the defendants upon their breach or failure to comply with their contract of purchase with appellee's father, in which assumption appellee was wrong, so far as anything disclosed by his petition is concerned.

Appellee's petition as a whole, and what is termed his "trial amendment," considered in connection with his original petition, shows clearly that his cause of action is one for the recovery of the purchase price of the span of mules, as agreed upon between his father and the defendants, which was alleged to be $400, and also for interest at the legal rate on that amount from the date of the sale and delivery of said mules by his father to defendants; and, indeed, his prayer, in substance, is that he recover this contract price, and only in the alternative that he recover the mules themselves.

Now, as stated above, the petition shows that $5 of the contract price was paid in cash, leaving a balance of $395, which appellee alleges was never paid by defendants, either to his father or to himself, after he became the owner of this indebtedness, and the jury's verdict is to affirm, substantially, the contention of appellee that these mules were sold by his father to defendants, and that $395, the balance due on the contract of purchase, was never paid by defendants, and that appellee, being the purchaser of this indebtedness against defendants, was entitled to recover this $395; otherwise, there would be no basis whatever in the pleading for this $395, because it is nowhere alleged, either in the original petition or in what is called appellee's trial amendment, what the value of these mules was, and nothing is stated in that connection as to value, save and except the allegation that defendants promised to pay appellee's father $400 for these mules. We say that the jury's verdict confirms these allegations and theory of appellee, but in addition to awarding appellee, by their verdict, $395, the jury also awarded him $612 as the rental value of said mules, as above shown, in the verdict which we have quoted.

Now, the question is, the jury having in effect found that the sale of the mules was made by appellee's father to defendants, for the agreed price of $400, as alleged by appellee, and the only allegations in appellee's petition being substantially that he became the owner of the indebtedness owed by defendants to his father as the purchase price of these mules, Was there anything in the pleadings to authorize the verdict and judgment in favor of appellee for the contract price of these mules, and also the additional sum of $612, as their rental value from the time they were purchased by and delivered to the defendants? We think, clearly, that the only recovery that appellee could have legally had against appellant would have been the balance of the purchase money which was due appellee for these mules, together with interest thereon at the legal rate, from the date of the sale and delivery of these mules to appellant, and therefore we hold that the trial court was in error in rendering judgment against appellant for the balance of the purchase money due for these mules, and in addition thereto, their rental value as found by the jury from the time of their sale and delivery to appellant.

What we have said is, of course, to be construed and confined to the pleadings of the parties as they now stand, and not to what issues may be properly pleaded and submitted on another trial.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.